UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:07-CR-126 |
| | ) | (Phillips) |
| CHAD JOHNSON | ) | |

## **MEMORANDUM AND ORDER**

On February 6, 2008, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed a 17-page Report and Recommendation (R&R) [Doc. 87] in which he recommended that defendant's motion to suppress [Docs. 49] be denied. Thus, Judge Shirley recommended that the evidence seized during the search of defendant and at his residence on 619 Halls Ferry Road, be admitted at trial.[1]

This matter is presently before the court on defendant's timely objections to the R&R [Doc. 92]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects. For the reasons that follow, the court finds itself in agreement with Judge Shirley's thorough analysis of the legal issues arising from the suppression hearing conducted by him on January 7, 2008.

---

[1] The government stated at the evidentiary hearing before Magistrate Judge Shirley on the motion to suppress that none of the evidence the government seeks to introduce at trial was seized from 503 Halls Ferry Road.

Consequently, defendant's objections will be overruled, the R&R will be accepted in whole, and the underlying motion to suppress will be denied.

Defendant argues that the information provided in the affidavit does not establish that contraband or evidence of a crime will be found at defendant's residence. The court disagrees. The court has reviewed the search warrant in question and agrees with Magistrate Judge Shirley that based on the totality of the circumstances, as found within the information contained in the affidavit, the information provided does establish a fair probability that contraband or evidence of a crime will be found at the locations described therein. As to the veracity of CI-1 and CI-2, the court agrees that the admissions by CI-1 and CI-2 that they supplied three kilos of cocaine to defendant is clearly incriminating and constitutes a significant statement against their penal interests, providing a basis on which to establish their veracity. Additionally, the information is of direct and personal involvement in criminal activity, not someone's opinion, a conclusion, or an unsubstantiated report by a removed party. These statements were corroborated by the statement of CI-3, a known informant, that defendant was presently distributing cocaine and other narcotics, and had done so in the past. Thus, the court finds that Judge Russell had a substantial basis for concluding that probable cause existed for the issuance of the search warrant.

Defendant next argues that Judge Russell did not act as a neutral and detached judge in issuing the search warrant, but offers no facts in support of the

argument. The court has reviewed the record in this case and there is nothing to support defendant's assertion.

For the foregoing reasons, as well as the reasons articulated by Judge Shirley in his R&R, defendant's objections to the R&R [Doc. 92] are hereby **OVERRULED** in their entirety whereby the R&R [Doc. 87] is **ACCEPTED IN WHOLE.** Accordingly, defendant's motion to suppress [Doc. 49] is **DENIED** in its entirety, whereby the court will allow the introduction of evidence taken from defendant, and from his residence at 619 Halls Ferry Road, at the trial of this matter.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge